ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL TRUPEI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-019 |
| | ) | |
| HARVEY LAPPIN, Director, Federal | ) | |
| Bureau of Prisons (BOP), and WALT | ) | |
| WELLS, Warden at CCA, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, filed the current action under 28 U.S.C. § 2241. Respondents then filed a Motion to Dismiss. (Doc. no. 11). Petitioner has filed a response opposing Respondents' motion (doc. no. 15), and Respondents have filed a reply to Petitioner's response. (Doc. no. 16). For the reasons stated herein, the Court **REPORTS** and **RECOMMENDS** that Respondent Harvey Lappin be **DISMISSED** from the action, that Respondents' Motion to Dismiss be **GRANTED**, that the instant petition be **DISMISSED**, and this civil action be **CLOSED**.

### I. BACKGROUND

Petitioner was indicted on April 4, 1989 for possession with intent to distribute a controlled substance, phenylacetone, and to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846. (Doc. no. 11, Ex. A, p. 1). After a jury trial, Petitioner was

convicted and was sentenced to 276 months of imprisonment and ten (10) years of supervised release. (Id. at 3). Petitioner filed a timely appeal, and the Eleventh Circuit affirmed his conviction. United States v. Hogan, 986 F.2d 1364 (11th Cir. 1993). On April 29, 1997, Petitioner filed a motion to set aside his sentence pursuant to 28 U.S.C. § 2255. Petitioner made eight (8) allegations of error, seven (7) of which were denied. (Id., Ex. A, p. 3). The district court remanded Petitioner's ineffective assistance of counsel claim to the U.S. Magistrate Judge for an evidentiary hearing. (Id.). At the end of the evidentiary hearing, the magistrate judge entered a report and recommendation that Petitioner's petition be denied. (Id.). On November 20, 2002, the United States District Court denied Petitioner's claims for ineffective assistance of counsel. (Id., Ex. B, p. 2). Petitioner appealed, and the Eleventh Circuit dismissed his appeal. (Id., Ex. C).

Petitioner then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Petitioner challenges the legality of his sentence based on allegations that the appointment of various government officials and the oaths of office they took were invalid. (Doc. no. 1, pp. 8-11). Petitioner also alleges that his sentence was illegally imposed under 21 U.S.C. § 841. (Id. at 12-13). The Court resolves the matter as follows.

## II. DISCUSSION

### A. Proper Respondent

Petitioner named Harvey Lappin, Director of the Bureau of Prisons, and Walt Wells, Warden, as Respondents in his petition. However, Director Lappin is not a proper respondent because, in a habeas proceeding, the case or controversy is between the person

in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965). Thus, Warden Wells, Petitioner's custodian by virtue of his current position as Warden at McRae Correctional Facility, is the only proper respondent. Therefore, the Court **REPORTS** and **RECOMMENDS** that Harvey Lappin be **DISMISSED** from this case.

**B.     Claims Improper Under § 2241**

Petitioner has commenced this action pursuant to 28 U.S.C. § 2241. However, the Court must consider the availability of habeas relief under the circumstances of this case. "Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). As Petitioner has previously filed a § 2255 motion, "he must apply for and receive permission from [the appropriate Court of Appeals] before filing a successive § 2255 motion." Id. at 945; see also 28 U.S.C. §§ 2255 ¶ 8 & 2244(b)(3)(A). Also of note, § 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255 ¶ 6.

In the instant case, Petitioner has attempted to circumvent these requirements by filing a petition under § 2241. A federal prisoner may resort to § 2241 upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." Id. ¶ 5. However, the circumstances under which a federal prisoner may invoke the so-called "savings clause" of § 2255 are tightly circumscribed.

First, a prisoner may not use the savings clause to circumvent the restrictions on filing

3

second or successive motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). In other words, "the mere fact that relief under § 2255 is procedurally barred is not alone sufficient to make § 2241 an available remedy." Bridges v. Vasquez, 151 F. Supp.2d 1353, 1360 (N.D. Fla. 2001). Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford, 177 F.3d at 1244). "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." Id. (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)). "Once the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted.'" Wofford, 177 F.3d at 1244 n.3.

Here, Petitioner merely states that he has filed the § 2241 petition based on "newly discovered evidence that Petitioner discovered . . . after the District Court denied his § 2255 Motion." (Doc. no. 15, p. 5). However, he makes no attempt to argue that he satisfies the Eleventh Circuit's three-pronged test. As set forth above, Petitioner must satisfy all three prongs of the test before the savings clause of § 2255 can "open the portal" to § 2241 relief. Consequently, the instant petition should be dismissed.[1]

---

[1] Petitioner contends in his response to Respondents' Motion to Dismiss that Respondents are in default because (1) they failed to file a timely response to his petition, and (2) they failed to address his claims under § 2241. (Doc. no. 15, pp. 1-2). In their reply to Petitioner's response, Respondents contend that they are not in default because (1) they

4

## III. CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** Respondent Harvey Lappin be **DISMISSED** from the action, that Respondents' Motion to Dismiss be **GRANTED**, that the instant petition be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this ___ day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

filed a timely response by filing their motion to dismiss within twenty (20) days after service of process on the civil process clerk, and (2) they have addressed Petitioner's claims under § 2241 by arguing that Petitioner's § 2241 claims should have been brought under § 2255. (Doc. no. 16, pp. 3-4). The Court concludes that Respondents have filed a timely response and have adequately addressed Petitioner's claims under § 2241, and thus no default has occurred. In any event, Petitioner's argument that Respondents are in default is without merit because, for obvious reasons, "default judgment is not contemplated in habeas corpus cases." Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987). Moreover, default is a drastic remedy appropriate in only the most extreme of circumstances. The Court respects "the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002). In sum, default in this case has not occurred, and even if it had, such a judgment would be manifestly unjust and will not be contemplated by the Court.