ORIGINAL

FILED
U.S. DISTRICT COURT
...
DEC 19 P 4:36

CLERK _C Adcums_

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MICHAEL TRUPEI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 308-019 |
| ) | |
| HARVEY LAPPIN, Director, Federal ) | |
| Bureau of Prisons (BOP), and WALT ) | |
| WELLS, Warden at CCA, ) | |
| ) | |
| Respondents. ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. One of Petitioner's objections is worthy of discussion, but it does not change the Court's opinion regarding the Magistrate Judge's Report and Recommendation.

Petitioner objects to the Magistrate Judge's Report and Recommendation on the ground that he is actually innocent of the crimes of which he was convicted. (Doc. no. 24, p. 5).[1] It appears that Petitioner is attempting to invoke the savings clause of 28 U.S.C. §

---

[1] Petitioner's remaining objections concentrate on his claims that the district court did not have jurisdiction to convict him because the district attorneys who prosecuted his case were not properly appointed and that Respondents failed to address the substance of his claims in their response to his petition. As explained in the Magistrate Judge's Report and Recommendation, (doc. no. 17, pp. 3-4), Petitioner's claims of lack of jurisdiction attack the validity of his sentence, not its execution, and therefore must be brought under § 2255, as opposed to § 2241. Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). Since Petitioner has previously filed a § 2255 petition and has not received

2255, which allows prisoners to file a petition pursuant to 28 U.S.C. § 2241 where "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). However, Petitioner's argument essentially puts the cart before the horse. For the Court to reach the question of Petitioner's actual innocence, it must first determine whether Petitioner may invoke the savings clause applies under the three-pronged test stated in Darby.[2] See Wofford, 177 F.3d at 1244 n.3 (noting that "*[o]nce the savings clause of § 2255 applies* to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted" (emphasis added)). As Petitioner has failed to demonstrate that the savings clause of § 2255 applies to his case under the test stated in Darby, it would be premature to consider Petitioner's claim of actual innocence. Since the "portal has not

---

permission from the Eleventh Circuit to file a second or successive § 2255 motion, his petition is not properly before this Court. See id. at 945; see also 28 U.S.C. §§ 2255(h) & 2244(b)(3)(A). Moreover, since Petitioner's motion is subject to dismissal as an unauthorized second or successive § 2255 motion and Petitioner's claims do not meet the requirements of § 2255's "savings clause," as explained herein, Respondents were not required to address the merits of Petitioner's claims.

[2]The circumstances under which a federal prisoner may invoke the savings clause are tightly circumscribed:

> The savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)).

been opened" to a § 2241 proceeding, Petitioner's objection based on his claim of actual innocence is **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Therefore, Harvey Lappin is **DISMISSED** from the action, Respondents' Motion to Dismiss is **GRANTED**, the instant petition is **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this 19th day of December, 2008, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE